**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**Edna O. Sekyere**

        **Plaintiff,**

  -against-                               **VERIFIED COMPLAINT**

**CITY OF NEW YORK**
**DEPARTMENT OF FINANCE**             **Jury Trial Requested**
**MARTHA E. STARKS, Commissioner**
**PAULINE HYLES, Assistant Commissioner**

        **Defendants.**
-------------------------------------------------------X

Plaintiff, by her attorney, ALBERT VAN-LARE, ESQ., complaining of the defendants, alleges the following:

JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 USC § 621 et seq. ("ADEA").  This Court has jurisdiction over these claims pursuant to 29 USC § 1331.  Claims arising under state statutory and common law are included under this Court's pendent jurisdiction, 28 USC § 1367.  Venue lies in this District under 28 USC § 1391(b).

PARTIES

2. Plaintiff, Edna O. Sekyere is an African American female, and native born citizen of the United States. Plaintiff is employed as a Principal Administrative Associate (PAA) for Defendant City of New York.

3. Plaintiff is 60 years old and resides in Kings County New York.

4. Defendant, City of New York is an employer of Plaintiff. Specifically at all times mentioned Plaintiff was employed by Defendant, City of New York.

5. Defendant, City of New York has its principal offices in New York County, New York.

6. The City of New York is a municipal corporation incorporated under the laws of the State of New York.

7. The Department of Finance is an agency of the Defendant, City of New York.

8. Martha E. Starks is Commissioner and agency head for the Department of Finance.

9. Commissioner, Martha E. Starks has the power to provide the relief sought.

10. Pauline Hyles is an Assistant Commissioner in the Department of Finance.

11. Pauline Hyles has the authority to provide some of the requested relief.

12. Pauline Hyles has managerial authority over Plaintiff's Department.

FACTUAL ALLEGATIONS

13. Plaintiff has been employed by Defendant's for about thirty two years.

14. Plaintiff is currently assigned to a clerical unit in the Department of Finance, 345 Adams Street, Brooklyn, New York.

15. Prior to the arrival of Pauline Hyles at 345 Adams Street, Brooklyn, New York, Plaintiff did not experience discriminatory actions.

16. Since the arrival of Pauline Hyles as Assistant Commissioner at Plaintiff's work site, Plaintiff has become the subject of scornful and discriminatory treatments because of Plaintiff's national origin as an African American female.

17. Plaintiff also experienced scornful and discriminatory treatment because of her age.

18. Prior to the arrival of Ms. Hyles, Plaintiff was assigned to the Audit Control Unit.

19. After the arrival of Ms. Hyles, Plaintiff was reassigned to a clerical unit under the supervision of Renee Davis.

20. Renee Davis (Davis) is a close associate of Ms. Hyles (Hyles).

21. Davis indicated to Plaintiff on several occasions (including at least three times in 2005 and multiple occasions in 2004) that she was carrying out instructions from Hyles and that Hyles does not like the "laid back attitude of American Blacks".

22. Although there are three layers of supervision between Plaintiff and Hyles, Hyles used and continues to use Davis as an agent through whom Plaintiff is oppressed and discriminated against.

23. Hyles told several other employees that she was going to harass complainant into retirement because she is old and slow.

24. Although Davis is Plaintiff's direct supervisor, it is common knowledge in the Department, that Hyles monitors and runs the entire division very closely.

25. Plaintiff's job life is one of the area Hyles monitors closely so she can frustrate the career plans of Plaintiff because Pauline Hyles who is Guyanese does not like African American women that she describes as too "laid back".

26. Davis acting under instructions and directives from Hyles,and from herself subjected Plaintiff to discriminatory treatment.

27. Defendants refused to send Plaintiff to classes to upgrade her skills in spite of several requests by Plaintiff. Non American born blacks were sent to the training.

28. Although all other staff in the unit have email addresses, Plaintiff was denied an email address in spite of several requests.

29. As part of the orchestrated efforts by Hyles and Davis to punish Plaintiff, they assigned Plaintiff menial tasks like shredding papers, making copies and filing.

30. Although Plaintiff has more knowledge and experience when compared to the other Principal Administrative Associates in her sections she was reduced to performing menial tasks because she is American born.

31. Hyles and Davis also denied the Plaintiff's request to attend computer classes.

32. Other PAA's working in the same section who are foreign born were granted privileges and opportunities for professional growth that were denied Plaintiff.

33. Plaintiff complained to Davis and Myrna Smith-Hynes (Hynes) about the nature of the menial tasks she was asked to perform.

34. Plaintiff requested for assignment commensurate to her title was denied by Davis and Hynes.

35. Plaintiff complained to Davis that her assignments were reduced to menial tasks because of her age and national origin as an American born black female.

36. Hyles on assuming duties as Assistant Commissioner at 345 Adams Street established an informal defacto policy of hiring and promoting a disproportionately high number of West Indians and Guyanese to the disadvantage of older American born black females like Plaintiff.

37. Although Plaintiff spoke to Hyles and requested promotion based on her superior knowledge and experience, Hyles declined to promote Plaintiff.

38. Plaintiff specifically requested to be considered for promotion to supervisor of Clerical Audit Support Group. The request was denied.

39. After Plaintiff received administrative action determination by State Human Rights Division, Defendants agents increased their level of hostilities by yelling and screaming at Plaintiff anytime job related instructions were given.

40. Plaintiff filed a complaint on health and safety. She was told by Davis that the problem may be that she needs to retire because there are no health and safety issues in the building and that Hyles suggested that her old age maybe why she is having a problem. Plaintiff declined the suggestion to retire.

41. Plaintiff was moved after the complaint to sit next to the Assistant Supervisor, who monitored every move Plaintiff made.

42. Plaintiff was told by Davis that she spends too much time in the bathroom. Other foreign born employees are not harassed in this manner.

43. Hyles also informed Plaintiff that she could "hurt" her if she continues to file "these complaints", and that plaintiff spends too much time filing complaints.

### AS AND FOR A FIRST CAUSE OF ACTION

44. Plaintiff alleges paragraphs 1 through 44 as if fully set forth.

45. Defendants discriminated against Plaintiff on the basis of national origin when they declined to promote her and assigned her menial tasks in order to force her retirement.

### AS AND FOR A SECOND CAUSE OF ACTION

46. Defendant discriminated against Plaintiff because of national origin as an American, when Hyles threatened that she could hurt Plaintiff, and refused to approve Plaintiff's attendance of professional development courses, amongst others.

## AS AND FOR A THIRD CAUSE OF ACTION

47. Defendants discriminated against Plaintiff on the basis of age when improper references were made to her age in official discussions.

## RELIEF

48. Plaintiff requests relief as follows:

   a. An order that Defendants discriminated against Plaintiff.

   b. An order that Defendants cease and desist from all acts of discrimination against Plaintiff.

   c. Payment of a sum of $500,000.00 to Plaintiff as damages for Defendants discriminatory acts.

   d. An order directing that Plaintiff be assigned another section or department.

Respectfully submitted                                   Dated: August 12, 2005


_____
Albert Van-Lare
Attorney for Plaintiff
45 John Street
4th Floor
New York, NY 10038

AFFIRMATION

I, Edna O. Sekyere affirm under penalty of perjury that I have read the foregoing complaint and affirm the contents to be true based on my personal knowledge. As those matters that I have no personal knowledge of, I affirm them to be true upon information and belief.

_____
Edna O. Sekyere


Sworn and subscribed to before me
this 12th day of August  2005.

_____
NOTARY PUBLIC
STATE OF NEW YORK


Albert Van-Lare
NOTARY PUBLIC, STATE OF NEW YORK
No. 002VA6071372
Qualified in Richmond County
Commission Expires March 18, 2006