UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDNA O. SEKYERE,

                              Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF FINANCE;
MARTHA E. STARKS, COMMISSIONER; PAULINE
HYLES, ASSISTANT COMMISSIONER,

                              Defendants.

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1**

05 CV 7192 (BSJ)

------------------------------------------------------------------------ x

       Pursuant to Local Rule 56.1 of the Civil Rules of this Court, defendants New York City Department of Finance ("DOF"), Martha E. Starks, and Pauline Hyles (hereinafter "defendants") submit their statement of material facts as to which there is no genuine issue to be tried:

       1. Plaintiff, Edna Sekyere (hereinafter referred to as "plaintiff"), a 62 year old African-American female, brings this action against defendants pursuant to Title VII of the Civil Rights Act of 1964, alleging that Defendants subjected her to a hostile work environment and discriminated against her on the basis of her national origin and age in her employment as a Principal Administrative Assistant ("PAA") with DOF's Clerical Audit Support Group (1) when they declined to promote her; (2) when they allegedly assigned her menial tasks in order to force her retirement; (3) when defendant Hyles allegedly refused to approve her attendance at professional development courses; and (4) when improper references were allegedly made to her age "in official discussions." See Compl., Exhibit

"A."[1]  See also excerpts from the transcript of plaintiff's deposition in this matter, taken on July 16, 2007, annexed to the Fay Decl. as Exhibit B at 32.

A.    **Plaintiff's Experience With DOF**

2. Plaintiff first became employed by the Department of Finance as an Office Aid in 1973. See Exhibit B at 13. She worked in that title for about six years until she took and passed the civil service examination for the position of Office Associate. Id. Upon the establishment of the resulting civil service list for that examination, plaintiff was selected for the position of Office Associate and appointed to that position. Id. See also Exhibit C.

3. After several years as an Office Associate, plaintiff took and passed the civil service examination for the title of Principal Administrative Associate (PAA). See Exhibit B at 14. Upon the establishment of the resulting civil service list for that examination, plaintiff was selected for the position of PAA and promoted on August 19, 1992. Id.; see also Exhibit D.

4. Plaintiff worked as a PAA in DOF's Audit Control Division from 1990 until 2003, when Audit Control was broken into different units. See Exhibit B at 14. Plaintiff was transferred to the Quality Management Support Group, effective March 3, 2003. See Exhibit E.

5. At all times relevant to the present action, plaintiff was a PAA I in the Quality Management Support Group. See Exhibit B at 55. Plaintiff testified that her unit is also referred to as the Clerical Audit Support Unit. Id. at 36.

---

[1] References to all exhibits are to those annexed to the Declaration of Joshua Fay, dated November 2, 2007, submitted herewith in support of the defendants' motion for summary judgment ("Fay Decl.").

6. Principal Administrative Associate ("PAA") is a clerical position responsible for office and administrative work of varying degrees of difficulty and with varying degrees of latitude for independent initiative and judgment. See Exhibit F. The title is broken into three separate assignment levels with Assignment Level I carrying the least amount of responsibility and independent initiative and judgment, and Assignment Level III carrying the highest amount of independent initiative and judgment. Id.

7. The Clerical Audit Support Group is part of DOF's Audit Division. This group is largely responsible for data entry and other clerical work in support of the Audit Division. See Exhibit G at 11. Defendant Pauline Hyles is the Assistant Commissioner for the Audit Division. See Exhibit H at 5. She has held this position since November 2002. Id. Plaintiff alleges that Assistant Commissioner Hyles is of Guyanese national origin. See Exhibit A at ¶ 25.

8. Assistant Commissioner Hyles oversees more than 200 employees within the Audit Division at DOF. See Exhibit H at 6.

9. Plaintiff's direct supervisor is Renee Davis, who supervises all 18 employees in the Clerical Audit Support Group. See Exhibit G at 42. Ms. Davis is African American and holds the title of PAA III. See id. at 5, 73. Ms. Davis is supervised by Osford Jones, who in turn is supervised by Samuel Blaize. See Exhibit I. Mr. Blaize is supervised by Peter Rabinowitz. Id. Mr. Rabinowitz reports directly to Assistant Commissioner Hyles. Id.; see also Exhibit G at 42-43. Accordingly, there are five levels of supervision between plaintiff and Assistant Commissioner Hyles.

10. The plaintiff testified that she works on the seventh floor of DOF's building, and Assistant Commissioner Hyles works on the tenth floor of the building. See

Exhibit B at 23-24. Plaintiff further testified that she has no direct contact with Assistant Commissioner Hyles in her work and has had no direct contact with Assistant Commissioner Hyles for several years. Id. at 26-28.

11. As a PAA I, plaintiff's job entails the mailing of notices and correspondence to taxpayers, receiving and recording cases submitted to the Quality Management Support Group for review, performing miscellaneous functions such as reviewing assignments for accuracy and completeness, and word processing. See Exhibit J. The tasks and standards sheet issued to plaintiff as part of DOF's annual evaluation procedures described each of these tasks and further stated that plaintiff was to perform "any reasonable task required by the supervisor." Id. This task also specifies that a PAA I is to complete "filing, ordering supplies, Xeroxing and sorting per instructions." Id. These tasks were listed on the tasks and standards sheet issued to plaintiff each year. See Exhibits J, L, and N.

12. Since plaintiff began work with the Clerical Audit Support Group in March 2003, her performance evaluations have reflected performance in the lower range of evaluation standards. Plaintiff received an overall evaluation of "conditional" in her first evaluation. See Exhibit K. Her supervisor wrote that plaintiff "did not meet the standard in two of the three most critical tasks. She was unable to complete the functions for mailing Notices and Correspondence using the Access Mail Program. The writing up of Control Sheets for closed cases was sometimes inaccurate. The sorting of checks and other documents were not always done as instructed. Her conduct in the office at times was inappropriate." Id. The evaluation also specifically noted that plaintiff "did not always follow established procedures regarding Time and Leave. She was issued a memorandum for

leaving the building during her scheduled work hours from her supervisor. She signed out and left the office on at least two occasions before her scheduled departure time. On several occasions, when giving her instructions and correcting errors, she became loud and disruptive. Her time sheets were generally submitted on time but were not always filled out correctly." Id. at 1.

13. On her next evaluation, plaintiff received an overall rating of "good." See Exhibit M. However, her supervisor in that evaluation noted that plaintiff "had to be warned verbally and in writing on separate occasions about behavior unbecoming a city employee. Her conduct was not always consistent with the established Agency Personnel Polices and Procedures and Code of Conduct." Id.

14. During that evaluation period, complaints about plaintiff's conduct were referred to the DOF's Department Advocate's Office. See Exhibit P. Specifically, when asked to perform some filing for a senior administrator of the Audit Division on or about June 2, 2004, plaintiff refused to do the task, became loud and disruptive and was insubordinate towards her supervisor. Id. The referral points out that the episode was the third such occasion within the previous 30 days. Id.

15. A memorandum from plaintiff's supervisor reminding her that her conduct was unbecoming a city employee and was grounds for disciplinary action was also referred to the Department Advocate's office following this incident. See Exhibit Q.

16. Plaintiff was served with charges and specifications for engaging in disorderly and disruptive conduct and for conduct unbecoming a city employee by using obscene or abusive language and for being uncivil and discourteous, and for threatening, intimidating, or harassing a superior or fellow employee. See Exhibit R.

17. The charges against plaintiff were settled and plaintiff was issued an official reprimand for engaging in "conduct that was disorderly by refusing to perform a task delegated by [her] supervisor." See Exhibit S, Exhibit T.

**B.     Plaintiff's Allegations of Discrimination**

18. Plaintiff claims that Assistant Commissioner Hyles does not like American-born Blacks and believes them to be lazy, and specifically disapproves of plaintiff because she is an American-born Black woman. See Exhibit B at 66, 123.

19. Plaintiff claims that since the time Assistant Commissioner Hyles became the Assistant Commissioner of the Audit Division, she has been subjected to discriminatory treatment on the basis of her national origin and her age. See Exhibit A. Specifically, plaintiff claims that Assistant Commissioner Hyles has failed to promote her because of her status as an "America-born" black woman, and denied her opportunities for training. See Exhibit B at 66, 70-71, 123.

20. Plaintiff also claims that she has been subjected to excessive scrutiny, specifically that, at the direction of Assistant Commissioner Hyles, her supervisor monitors the amount of time she spends in the bathroom. See Exhibit B at 113, 116-117. She further alleges that she gets a lower-quality of work than she believes she should, given her number of years of experience. See Exhibit B at 85, 86, 89.

21. Plaintiff further complains that she has been discriminated against on the basis of her age. See Exhibit A. She claims that her co-workers ask her when she is going to retire. See Exhibit B at 140-41. Plaintiff testified that her supervisors, including Assistant Commissioner Hyles, have never asked her this question. Id. at 142.

22. Plaintiff testified that Assistant Commissioner Hyles told somebody at DOF that she wanted the plaintiff out of the Department of Finance. See Exhibit B at 50.

6

Plaintiff cannot remember who told her that Assistant Commissioner Hyles said this. Id. Plaintiff further testified that Assistant Commissioner Hyles "does voodoo" and makes people sick. Id. at 51.

23. Plaintiff testified that she has not applied for any promotions since Pauline Hyles became Assistant Commissioner for Audit, specifically because she was not qualified for any of the openings she was aware of. See Exhibit B at 73.

24. However, plaintiff claims she was not aware of certain promotional opportunities because many vacancy postings were not posted publicly, but were only sent out by e-mail. See Exhibit B at 76. Plaintiff alleges that she was denied an e-mail address for some time, but acknowledges that she was ultimately assigned an e-mail address. Id. at 131, 133.

25. Plaintiff's performance evaluations note that she has been trained several times in updating the Access Mail Program, however "to date, she is unable to perform this function independently." See Exhibit K. Another evaluation notes that plaintiff has received training in both the Fairtax and Microsoft Access databases and refers to her attendance at the DOF's microcomputer classes. Id.

26. Moreover, plaintiff's supervisor made arrangements for plaintiff to be enrolled in training classes on several computer programs regularly used by the Audit Division. See Exhibit U.

**C.    Plaintiff Files a Charge of Discrimination with the State Division of Human Rights**

27. On or about February 2, 2004, plaintiff filed a charge of discrimination with the New York State Division of Human Rights (SDHR) alleging that she had been discriminated against on the basis of her age and national origin. See Exhibit V.

28. On February 24, 2005, the SDHR issued a Determination and Order After Investigation, stating that "[t]he evidence gathered during the course of the investigation of the instant complaint is not sufficient to support the complainant's allegations that she was treated differently and harassed by the respondent because of her age and national origin." See Exhibit W.

29. Following that determination by the SDHR, on or about May 12, 2005, the United States Equal Employment Opportunity Commission ("EEOC") adopted the SDHR's finding and issued a right-to-sue letter to plaintiff. See Exhibit X.

30. On or about August 12, 2005, plaintiff commenced the instant action. See Exhibit A.

Dated:      New York, New York
            November 2, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 2-123
                                        New York, New York 10007
                                        (212) 788-8699


                                By:     *Joshua Fay*
                                        Joshua Fay (JF 9397)
                                        Assistant Corporation Counsel


Robert Katz,
Joshua Fay,
Of counsel.

Docket No. 05 CV 7192

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

EDNA O. SEKYERE,

                                        Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF FINANCE; MARTHA E. STARKS, COMMISSIONER; PAULINE HYLES, ASSISTANT COMMISSIONER,

                                        Defendants.

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-123*
*New York, N.Y. 10007*

*Of Counsel: Joshua Fay*
*Tel. No.: (212) 788-8699*
*NYCLIS No. 05 LE 000361*